IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COLIN PERKINS,

               Plaintiff,

    vs.

OMAHA LINCOLN AND BEATRICE
RAILWAY COMPANY,

               Defendant.

**4:23CV3114**

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's motion to amend progression order, Filing No. 23, which requests the Court extend Plaintiff's jurisdictional discovery deadline. Plaintiff requests jurisdictional discovery be extended until June 21, 2024 and, as such, that the jurisdictional motion deadline be extended until June 28, 2024.

On June 20, 2023, Plaintiff filed the Complaint in this matter. Filing No. 1. On September 19, 2023, the Court issued its initial progression order. Filing No. 11. Mandatory disclosures were due October 15, 2023. Filing No. 11. As the parties indicated subject matter jurisdiction was at issue, deadlines for jurisdictional discovery and jurisdictional motions were set for January 22, 2024 and February 5, 2024, respectively. Filing No. 11.  On January 22, 2024, Plaintiff filed an unopposed motion to amend progression order, Filing No. 21, which requested a sixty-day extension to the deadlines set in the Court's initial progression order. The Court granted that motion, extending the deadline for jurisdictional discovery to March 22, 2024 and jurisdictional motions to April 8, 2024. Filing No. 22. Plaintiff now requests an additional ninety days to complete jurisdictional discovery.

Fed. R. Civ. P. 16(b)(4) governs the issue at hand. According to Rule 16(b)(4), "A schedule may be modified only for good cause and with the judge's

1

consent." The Eighth Circuit has stated that, in order "[t]o establish good cause, a party must show its diligence in attempting to meet the progression order." *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 426, 434 (8th Cir. 2019) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). Accordingly, the Court must consider the Plaintiff's diligence in attempting to meet the deadlines in the progression order. The relevant dates, as is illustrated by the evidence submitted by both Plaintiff and Defendant, is addressed herein.

The evidence indicates that, after the September 19, 2023 initial progression order was issued, Defendant served initial disclosures on October 13, 2023 at 2:20 p.m. Filing No. 31 at 2. The initial disclosures described the documents Defendants may use to support its claims or defenses but did not contain copies of such documents. *Id.* As such, on October 13, 2023 at 2:40 p.m., Plaintiff's counsel requested copies of such documents. Filing No. 31 at 5.[1] The evidence before the Court indicates Defendant did not respond to this request and Plaintiff did not follow-up on this request until November 22, 2023. *Id.* In addition to following up on the request for the documents identified in Defendant's written disclosures served on October 13, 2023, Plaintiff's counsel served their first and only interrogatories and requests for production on Defendant on November 22, 2023. Filing No. 28-1 at 1; Filing No. 31 at 2. Plaintiff's counsel indicated it is his practice to review an opposing party's initial disclosures prior to serving formal discovery. Filing No. 31 at 1.

---

[1] The Court notes that Fed. R. Civ. P. 26(1)(A)(ii) indicates that mandatory disclosures need only include a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . ." However, the Court also notes Plaintiff's counsel's indication that "it is [his] practice to request documents referenced [in mandatory disclosures] if opposing counsel does not produce them in order to expedite the process" and he "do[es] not recall an occasion where they have not been provided upon an informal request until this matter" and, further, the fact that Defendant did not respond in any way to Plaintiff's request for such documents. Filing No. 31 at 2.

Defendant did not respond to Plaintiff's request for the documents identified in their initial disclosures but did respond to Plaintiff's formal discovery requests on December 22, 2023. Filing No. 28-1 at 2. On December 28, 2023, Plaintiff requested the deposition of Andrew Krei.[2] Filing No. 28-1 at 2. Though Defendant's counsel indicated Mr. Krei could be deposed on January 23, 2024, the parties were ultimately unable to perform Mr. Krei's deposition until March 15, 2024, due to scheduling difficulties. Filing No. 28-1 at 2. In reviewing the evidence, it appears the scheduling difficulties were due to both parties' schedules. Filing No. 31 at 3-5.

After Mr. Krei's deposition, Plaintiff requested an additional extension of jurisdictional discovery deadlines because Plaintiff alleges Mr. Krei was unable to answer certain questions regarding the destination and origin of goods that are transported by Defendant and questions regarding a spreadsheet produced by Defendant on December 22, 2023. Defendant states Mr. Krei testified Defendant's "customers would have the knowledge regarding the destination or origin of the goods." As such, Plaintiff argues he needs additional time to perform jurisdictional discovery so he can perform depositions of Defendant's customers as well as a 30(b)(6) deposition of Defendant regarding the spreadsheet produced on December 22, 2023.

---

[2] Plaintiff indicates "Mr. Krei was the only individual identified in Defendant's initial disclosures and discovery responses as a person with knowledge." Filing No. 31 at. 3. Neither party submitted Defendant's initial disclosures as evidence. Accordingly, the only evidence before the Court is Defendant's affidavit indicating Mr. Krei was the only individual identified in Defendant's initial disclosures as a person with knowledge. Defendant did submit their answers to interrogatories as evidence. The Court notes that, though Mr. Krei is the only individual specifically named, Defendant not only objected to all interrogatories served, but also, indicated that "each and every employee of [Defendant] has some knowledge of goods that travel on track owned by [Defendant]." Filing No. 28-2.

While Defendant validly points out some avenues Plaintiff may have been able to pursue, hindsight is always twenty-twenty. Based on the record before the Court, the undersigned finds Plaintiff was diligent. Accordingly, this Court finds that Plaintiff meets the standard of diligence necessary to extend the jurisdictional discovery deadlines in the above-captioned matter.

That, then, leaves the undersigned to consider any prejudice to Defendant resulting from modification of the deadlines. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). Obviously, reopening discovery would cause Defendant to have to incur costs associated with any additional jurisdictional discovery and, further, will cause Defendant a delay in obtaining a ruling on its jurisdictional motion. Defendant also argues reopening discovery and allowing Plaintiff to depose its customers is a tactic to "intimidate and harass Defendant by dragging its customers into a dispute entirely unrelated to them." Filing No. 28 p. 4. However, the prejudice Defendant will face is substantially the same type of prejudice any other party defending a lawsuit faces when forced to participate in discovery. The Court does not find this prejudice so overwhelming as to require it to deny Plaintiff's request.

Moreover, given the scheduling difficulties between Plaintiff and Defendant for only one deposition, the Court finds that Plaintiff's request for an additional ninety days is appropriate. However, the undersigned cautions Plaintiff that any additional extensions to the jurisdictional discovery deadlines will not be considered absent a showing of substantial good cause.

4

For the foregoing reasons, Plaintiff's motion to amend progression order is granted and the initial progression order is amended as follows:

1. The deadline for completing discovery related to subject matter jurisdiction under Rules 33 through 36 of the Federal Rules of Civil Procedure is extended to June 14, 2024. Motions to compel Rule 33 through 36 discovery must be filed by June 21, 2024.

2. The deadline for filing the anticipated jurisdictional motion is June 28, 2024. Further case progression shall be deferred until after resolution of such motion.

3. The parties shall contact the undersigned magistrate judge's chambers within ten (10) days after a ruling on the anticipated jurisdictional motion to set a status conference for discussing further case progression.

4. The Clerk of the United States District Court shall set an internal case management deadline of June 28, 2024 with the following language: "Check for timely filed motion(s) to resolve jurisdiction."

Dated this 29th day of March, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge